[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-------------------------------------

No. 06-12691
Non-Argument Calendar

-------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 27, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-01425-CV-TWT-1

REGINALD K. CARSON,

Petitioner-Appellant,

versus

PAUL THOMPSON,
Warden, Telfair State Prison,

Respondent-Appellee.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

-------------------------------------------------------------------

**(April 27, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Reginald Carson, a Georgia state prisoner, appeals the district court's denial

of his habeas corpus petition, 28 U.S.C. § 2254, challenging his life sentence for

aggravated assault and armed robbery of Thomas Curry. Carson received a certificate of appealability on whether his trial counsel was constitutionally ineffective. Carson, who rejected a pre-trial plea offer of 25 years' imprisonment with actually serving 15 years, argues that his trial counsel was ineffective for (1) not informing Carson that, by proceeding to trial, Carson faced a mandatory life sentence without parole under Georgia's recidivist statute and (2) not fully informing Carson of the strength of the evidence against him. No reversible error has been shown; we affirm.

An ineffective assistance of counsel claim is a mixed question of law and fact that we review de novo. Baldwin v. Johnson, 152 F.3d 1304, 1311 (11th Cir. 1998). To obtain habeas relief, Carson must demonstrate that the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . . or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). This standard requires the application of federal law "to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 124 S.Ct. 1, 4 (2003).

Here, the Georgia courts correctly identified Strickland v. Washington, 104 S.Ct. 2052 (1984), as the Supreme Court decision providing controlling legal

authority for ineffective assistance of counsel claims. To prevail on such a claim, "petitioner must prove both incompetence and prejudice by showing that (1) 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Zakrzewski v. McDonough, 455 F.3d 1254, 1258 (11th Cir. 2006) (quoting Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (en banc)).

In determining whether a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 104 S.Ct. at 2067. Instead, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 2068. If we are convinced that this element cannot be established, we do not have to discuss whether counsel's performance was objectively unreasonable. Id. at 2069; see also Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995) (en banc) (explaining that we may decline to address whether counsel's performance was unreasonable when the prejudice element of Strickland cannot be satisfied).

We first address Carson's assertion that his trial counsel was ineffective for failing to tell Carson that, by rejecting the State's plea offer and proceeding to trial, Carson was subject to a mandatory life sentence without parole.[1] After a careful consideration of the record, we conclude that Carson has not demonstrated a reasonable probability that, but for his trial counsel's error, he would have accepted the State's offer to plead guilty. See Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995).

Carson was charged with threatening to cut Thomas Curry with a knife, striking him repeatedly with a piece of metal, and robbing Curry of his shoes, wallet, and money. The record shows that Carson was aware -- before the expiration of the State's plea offer -- that the State was having trouble locating Curry (for Curry to testify against Carson) and that Carson believed that the State had "no case" without Curry's testimony. The record also contains evidence that Carson believed that, even if Curry could be located, he did not want to testify against Carson.[2] Therefore, in the light of Carson's awareness that Curry may not

---

[1]Because Carson had several prior felony convictions, including a conviction for armed robbery, he was subject to recidivist punishment of a mandatory life sentence without the possibility of parole pursuant to Ga. Code Ann. §§ 17-10-6.1; 17-10-7. Carson's lawyer advised Carson of the possibility of receiving a life sentence; but he did not tell Carson that a life sentence was mandatory or that Carson would be ineligible for parole.

[2]Carson had received a letter from his nephew, who knew Curry, indicating that Curry did not want to participate in the case against Carson. Curry eventually did testify at Carson's trial.

4

testify at trial, Carson has not demonstrated that a reasonable probability existed that, but for Carson's lawyer's failure to inform Carson of the mandatory sentence Carson faced if found guilty after trial, Carson would have accepted the plea offer.[3]

We turn to Carson's claim that, but for his lawyer's failure to advise Carson of the State's evidence against him, Carson would have accepted the plea offer. Carson specifically notes that his lawyer failed to discuss with him the State's DNA evidence -- that blood found on Carson's clothing worn the day that Curry was attacked contained Curry's DNA -- and failed to play for Carson the recording of Carson's statement to police.[4]

Carson had told police that the blood on his clothing was his own; and when Carson rejected the State's plea offer, he was aware that police had seized his blood-spattered clothing to perform DNA testing. In addition, Carson has not shown that he was prejudiced by his lawyer's failure to play for him the recording

---

[3]Carson asserts that, because he attempted to accept the State's plea offer at the start of his trial, the evidence shows that Carson would have timely accepted the plea offer if he had known earlier about the mandatory sentence. But -- significantly -- Curry was located before the start of Carson's trial; and Carson learned about the mandatory sentence that he faced after he announced to the trial court that he wanted to accept the State's earlier plea offer. And we are not persuaded, based on this record, by Carson's assertions that a reasonable probability existed that he would have accepted the plea offer based on (1) the disparity between the plea offer and Carson's sentence and (2) Carson's purported awareness, as a recidivist, of the length of time -- between his rejection of the plea offer and the start of his trial -- for the State to locate Curry.

[4]Carson claimed to have been drinking around the time of his statement.

5

of Carson's own statement to the police. We agree with the district court that, even if Carson's lawyer had discussed all this evidence with Carson before the plea offer expired, the record does not show a reasonable probability that Carson would have accepted the plea offer because the availability of Curry's testimony -- the strongest evidence against Carson -- was still uncertain at that time. Therefore, Carson has not shown a reasonable probability that, but for his lawyer's alleged error, he would have accepted the plea offer.

The evidence in the record does not support a finding that the state court's decision was contrary to, or an unreasonable application of, Strickland or that the state court's conclusions were based on an unreasonable determination of the facts. We affirm the denial of Carson's 28 U.S.C. § 2254 petition.

AFFIRMED.